IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| KAREN A. TYRRELL, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 4:16-cv-00142-JJV |
| CAROLYN W. COLVIN, | * |
| Acting Commissioner, Social Security | * |
| Administration, | * |
| Defendant. | * |

**MEMORANDUM AND ORDER**

Plaintiff, Karen Tyrrell, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability benefits, supplemental security income, and widow's insurance benefits. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act. (Tr. 15-29) The Appeals Council granted Plaintiff's request for a review and issued a supplemental decision, finding Plaintiff was not disabled. (Tr. 4-7)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, a court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. A court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an

opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, for reasons set out below, the decision of the Commissioner is REVERSED and REMANDED.

Plaintiff argues the Commissioner erred in determining she could perform other work at Step Five of the sequential evaluation process.[1] (Doc. No. 11 at 4-7.) She argues that her past work as a customer service representative at Dillard's is too old and does not qualify as past relevant work under the regulations and fails to provide transferability of job skills. (*Id*. at 4-5) Based on this point, Plaintiff believes the Commissioner's decision is flawed in its entirety. I agree.

There is no question that Plaintiff's work at Dillard's does not qualify as past relevant work because it is outside the fifteen year window prescribed by the regulations. 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1). But as the Commissioner's counsel aptly points out, Plaintiff was also employed by STI Credit Corporation as a customer service representative within the fifteen year window. (Tr. 276, 306) And although the Commissioner's counsel makes compelling legal argument in support of his position, in rendering their decision, I find the Appeals Council did not consider Plaintiff's work at STI Credit Corporation. Instead, they determined that Plaintiff had no past relevant work.

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

Nevertheless, the Appeals Council stated, "The vocational expert did not specify which job of customer service representative they were referring to and appears to have meant the job the claimant performed at Dillard's." (Tr. 5)  The Appeals Council apparently determined that, since the vocational expert only considered Plaintiff's past work at Dillard's, her work at STI Credit Corporation should not be considered.  My reading of the vocational expert's testimony is not that narrow.  (Tr. 60-69) Nevertheless, in the next paragraph, they concluded, "Once a claimant has established that he or she has no past relevant work or cannot perform his or her past relevant work because of his or her impairments, the burden of proof shifts to the Commissioner. . ." to show Plaintiff could perform other work.  (*Id.*)  Later in the opinion, they concluded Plaintiff "is unable to perform past relevant work as a customer service representative/customer compliance representative." (*Id.*)  Oddly, they then went on to say, "The claimant can apply the skills she demonstrated in the performance of past relevant work to meet the work requirements of other jobs within her residual functional capacity." (*Id.*)  The Appeals Council concluded there was no past relevant work to rely upon, and they do not identify any other past relevant work from which Plaintiff can transfer job skills.  And without past relevant work, there are is no transferability of job skills.  20 CFR §§ 404.1568 and 416.968.

Although the Commissioner's counsel has done a good job explaining away any error, I must rely on the wording of the Appeals Council's decision.  Accordingly, a reasonable mind would not accept the evidence as adequate to support the Commissioner's decision because the decision fails to properly consider Plaintiff's past relevant work.  The Commissioner determined Plaintiff had no past relevant work but then relied on transferability of the skills of this past relevant work to determine she was not disabled.  This is logically inconsistent and inconsistent under the regulations.  Therefore, the Court REVERSES the decision and REMANDS the case to the Commissioner for

further consideration of Plaintiff's past relevant work and whether other jobs exist that Plaintiff can perform despite her impairments.

This is a "Sentence Four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 10th day of August, 2016.

                                              _____
                                              JOE J. VOLPE
                                              UNITED STATES MAGISTRATE JUDGE